## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ALEXANDER GOMEZ,
                    Plaintiff,
vs.

245 WEST 51ST STREET DELAWARE,
LLC and SAAR FOOD GROUP INC.,
                    Defendants.

## **COMPLAINT**

Plaintiff, ALEXANDER GOMEZ ("Plaintiff"), by his undersigned counsel, hereby files

this Complaint against Defendants, 245 WEST 51ST STREET DELAWARE, LLC and SAAR

FOOD GROUP INC. ("Defendants") for injunctive relief pursuant to the Americans with

Disabilities Act, 42 U.S.C. § 12181, et seq., (the ADA) and the ADA's Accessibility Guidelines,

28 C.F.R. Part 36 (hereinafter the "ADAAG"). This matter concerns Plaintiff's visits to a

restaurant Saar Indian Bistro located at 245 West 51st Street, New York, NY, wherein Plaintiff

encountered several barriers which have and will deter him from visiting the restaurant in the

future. Plaintiff's past visit and his desire to return are fully set forth herein.

## **JURISDICTION**

**1.**      This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331

and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants'

violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.**      Plaintiff currently resides in the Bronx, New York.

**3.**      Plaintiff is a qualified individual with disabilities under the ADA law. Plaintiff

has a spinal cord T-12 injury and is bound to ambulate in a wheelchair.

4.      Plaintiff visited the subject property located at 245 West 51st Street, New York, New York 10019 (the "Facility") to enjoy the goods and services offered therein and encountered barriers to access. Plaintiff desires and intends to return to the Facility to enjoy to goods and services offered therein. However, his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 15 below.

5.      Defendant, 245 WEST 51ST STREET DELAWARE, LLC, transacts business in the State of New York and within this judicial district. Defendant, 245 WEST 51ST STREET DELAWARE, LLC, is the owner and/or lessor, of the real property located at 245 West 51st Street, New York, New York where the restaurant known as SAAR INDIAN BISTRO is located (the "Facility").

6.      Defendant, SAAR FOOD GROUP INC., transacts business in the State of New York and within this judicial district. Defendant, SAAR FOOD GROUP INC., is the lessee of the Facility located at 245 West 51st Street, New York, New York, and the owner and/or operator of a restaurant known as SAAR INDIAN BISTRO (the "Facility").

7.      The Facility is a place of public accommodation under the ADA.

8.      Plaintiff has suffered legal harm and injury in fact, as he visited the Facility to enjoy the goods and services provided therein, encountered barriers to access, and desires and intends to re-visit the Facility again, but is unable to do so until the barriers to access are remediated.

9.      The barriers alleged in Paragraph 15, by their very nature, prevent Plaintiff and other wheelchair bound patrons from accessing the premises and enjoying the goods and services offered therein.

**10.**     The removal of the alleged barriers can be accomplished without much difficulty or expense.

**11.**     All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

**12.**     Plaintiff attempted to access the Facility in September 2022 and again on November 16, 2022 to enjoy the Tandoori, other Indian specialties, and festive ambience offered therein but could not do so without substantial hardship due to his disability, which requires him to ambulate in a wheelchair, and the significant barriers to access existing at the Facility.

**13.**     Plaintiff intends to visit the Facility in the future to enjoy to goods and services offered therein. Specifically, he intends to visit the Facility in the summer of 2024 to celebrate with family and friends.  However, his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 15 below.

**14.**     Defendants have discriminated against Plaintiff by denying him full access to the goods, services and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, et. seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), will continue to discriminate against Plaintiff unless and until Defendants remove all physical barriers including those specifically set forth below.

**15.**     Defendants have discriminated against Plaintiff by failing to remedy the ADA violations, which by their nature, affect Plaintiff and other wheelchair bound plaintiffs. A specific list of ADA violations which preclude and/or limit Plaintiff's ability to access the facility and to enjoy the goods and services offered therein, include the following:

- INACCESSIBLE ENTRANCE.
- ACCESSIBLE ROUTE TO ESTABLISHMENT NOT PROVIDED AS REQUIRED. ACCESSIBLE MEANS OF EGRESS NOT PROVIDED AS REQUIRED.
- EXISTING STEPS AT INTERIOR SIDE OF ENTRANCE DOOR ACT AS A BARRIER TO ACCESSIBILITY.

ADAAG 206 Accessible Routes ADAAG 206.1 General.
Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
ADAAG 206.2 Where Required.
Accessible routes shall be provided where required by 206.2.
ADAAG 206.2.1 Site Arrival Points.
At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
ADAAG 206.4 Entrances.
Entrances shall be provided in accordance with 206.4.  Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
ADAAG 207 Accessible Means of Egress ADAAG 207.1 General.
Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).
ADAAG 402 Accessible Routes ADAAG 402.1 General.
Accessible routes shall comply with 402.
ADAAG 402.2 Components.
Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
ADAAG 403 Walking Surfaces ADAAG 403.4 Changes in Level. Changes in level shall comply with 303
ADAAG 303.4 Ramps.
Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

- REQUIRED HANDRAILS NOT PROVIDED AT BOTH SIDES OF STEPS AT INTERIOR SIDE OF ENTRANCE.

ADAAG 505 Handrails
ADAAG 505.2 Where Required.
Handrails shall be provided on both sides of stairs and ramps.

- INACCESSIBLE DINING TABLES LOCATED AT EXTERIOR DINING COMPARTMENT.
- REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES LOCATED AT EXTERIOR DINING

COMPARTMENT.
- A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED AT EXTERIOR DINING COMPARTMENT.

ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.
Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

ADAAG 902 Dining Surfaces and Work Surfaces ADAAG 902.1 General.
Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

ADAAG 902.2 Clear Floor or Ground Space.
A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

ADAAG 306.2 Toe Clearance.

ADAAG 306.2.3 Minimum Required Depth.
Where toe clearance is required at an element as part of a clear floor space,  the toe clearance shall extend 17 inches (430 mm) minimum under the element.

ADAAG 306.2.5 Width.
Toe clearance shall be 30 inches (760 mm) wide minimum.

ADAAG 306.3 Knee Clearance.

ADAAG 306.3.3 Minimum Required Depth.
Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

ADAAG 306.3.5 Width.
Knee clearance shall be 30 inches (760 mm) wide minimum.

- INACCESSIBLE BAR LOCATED AT INTERIOR DINING AREA.
- NON-COMPLIANT HEIGHT OF BAR LOCATED AT INTERIOR DINING AREA EXCEEDS MAXIMUM HEIGHT ALLOWANCE.
- REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT BAR LOCATED AT INTERIOR DINING AREA.
- PORTION OF BAR REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.
Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

ADAAG 902 Dining Surfaces and Work Surfaces ADAAG 902.1 General.
Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

Advisory 902.1 General.
Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

ADAAG 902.2 Clear Floor or Ground Space.
A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

ADAAG 902.3 Height.
The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.
ADAAG 306.2 Toe Clearance.
ADAAG 306.2.3 Minimum Required Depth.
Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
ADAAG 306.2.5 Width.
Toe clearance shall be 30 inches (760 mm) wide minimum.
ADAAG 306.3 Knee Clearance.
ADAAG 306.3.3 Minimum Required Depth.
Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
ADAAG 306.3.5 Width.
Knee clearance shall be 30 inches (760 mm) wide minimum.

- INACCESSIBLE DINING TABLES LOCATED AT INTERIOR DINING AREA.
- REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES LOCATED AT INTERIOR DINING AREA.
- A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED AT INTERIOR DINING AREA.

ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.
Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
ADAAG 902 Dining Surfaces and Work Surfaces ADAAG 902.1 General.
Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
ADAAG 902.2 Clear Floor or Ground Space.
A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

ADAAG 306.2 Toe Clearance.
ADAAG 306.2.3 Minimum Required Depth.
Where toe clearance is required at an element as part of a clear floor space,  the toe clearance shall extend 17 inches (430 mm) minimum under the element.
ADAAG 306.2.5 Width.
Toe clearance shall be 30 inches (760 mm) wide minimum.
ADAAG 306.3 Knee Clearance.
ADAAG 306.3.3 Minimum Required Depth.
Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
ADAAG 306.3.5 Width.

Knee clearance shall be 30 inches (760 mm) wide minimum.

- INSULATION OF PIPES AND WATER LINES UNDER THE LAVATORY IN RESTROOM NOT PROVIDED AS REQUIRED.

ADAAG 606 Lavatories and Sinks.

ADAAG 606.5 Exposed Pipes and Surfaces.

Water supply and drain pipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks.

- INACCESSIBLE MIRROR IN RESTROOM.
- NON-COMPLIANT MOUNTED HEIGHT OF MIRROR IN RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

ADAAG 603.3 Mirrors.

Mirrors located above lavatories or countertops shall be installed with the bottom edge  of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground.

Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

- INACCESSIBLE COAT HOOK IN RESTROOM.
- NON-COMPLIANT HEIGHT OF COAT HOOK IN RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

ADAAG 604 Water Closets and Toilet Compartments.

ADAAG 604.8.3 Coat Hooks and Shelves.

Coat hooks shall be located within one of the reach ranges specified in 308.

ADAAG 308.2 Forward Reach. ADAAG 308.2.1 Unobstructed.

Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground.

ADAAG 308.2.2 Obstructed High Reach.

Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction.  The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum.  Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.

ADAAG 308.3 Side Reach. ADAAG 308.3.1 Unobstructed.

Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum and the low side reach shall be

15 inches minimum above the finish floor or ground.

ADAAG 308.3.2 Obstructed High Reach.

Where a clear floor or ground space allows a parallel approach to an element and the high side  reach is over an obstruction, the height of the obstruction shall be 34 inches

maximum and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

16.     The above listing may not include all the barriers countered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility to determine **all the ADA** violations.

17.     The removal of the ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

18.     Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

19.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

20.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it

readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Dated: <u>April 22, 2024</u>

Respectfully submitted,

<u>*s/ Jennifer E. Tucek, Esq.*</u>
Law Office of Jennifer Tucek, PC
 *Attorney for Plaintiff*
Bar No. JT2817
315 Madison Avenue, #3054
New York, N.Y. 10017
(917) 669-6991
TucekLaw@Gmail.com