# THE KONOPKA LAW GROUP PLLC
Attorneys & Counselors At Law

**277 Broadway
Suite 810
New York, New York 10007**
**(212) 385-4800**
**Fax (212) 346-0858**
**konopka@mfklaw.com**

*Via ECF*

25 September, 2024

Honorable Judge Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re:   **Gomez v. 245 West 51st Street Delaware LLC** *et al*
<u>Docket No.: 24-03080</u>

Honorable Judge Subramanian:

*The parties are ordered to appear for a remote conference at 2 pm ET. The parties are directed to call 646-453-4442 and enter conference ID: 220 661 302 followed by #.*

*The Clerk of Court is directed to terminate the motion at Dkts. 24, 28.*

*SO ORDERED.*

Arun Subramanian, U.S.D.J.
Dated: September 25, 2024

I am the attorney for the defendants in the above-referenced matter, and I am writing to advise the Court of a complete breakdown in communication between myself and plaintiff's counsel, Jennifer Tucek, Esq., which I believe is primarily attributable to Ms. Tucek's unprofessional behavior. This behavior culminated last night when she filed the Case Management Plan with the dates for interrogatories and document requests I had not agreed to.

The issue between us is predicated on my desire to put formal discovery on hold and exchange those documents which are necessary for a mediation settlement. I have employed this procedure previously in other ADA cases, and it has enabled their speedy resolution. It appears that Ms. Tucek opposes this procedure.

Ms. Tucek has previously advised me that she is in possession of a pre-litigation expert Report. On August 30, 2024, two days after I had interposed an answer on my clients' behalf, I wrote to plaintiff's counsel as follows: "*As you know about 99.9% of ADA cases get settled, just a question of when and the amount of the plaintiff's demand. Of course, we will discuss settlement, so anytime you'd like to send over the report, I would be happy to discuss with my clients*." Despite an email saying that she would "*send [me] the report and a proposal on [September 3, 2024]*" and several follow-up requests from me, Ms. Tucek has failed to provide me with the pre-litigation Report.

On Thursday, September 19, 2024, I provided Ms. Tucek with a draft Case Management Plan and advised her that "*Of course, I'd like to proceed with mediation, put formal discovery on hold and exchange what is needed for mediation process.*" Ms. Tucek responded that she was "*in Florida dealing with a family emergency.*"

The Konopka Law Group PLLC

Letter to Honorable Judge Arun Subramanian
25 September, 2024
Page 2

Ms. Tucek and I spoke by telephone on Friday, September 20, 2024. During a discussion of my proposal to hold off on formal discovery, Mr. Tucek told me it was "*the silliest conversation [she has] ever had*" and abruptly hung up the phone. This was followed by an email in which she wrote "*You clearly don't know what you are talking about or who you are dealing with.*"[*] I responded to Ms. Tucek in an email and also advised her that I would notify the Court if her unprofessional behavior continued. Ms. Tucek responded by writing:

> **You can tell the court whatever you want.** I call it as I see it, and your **pathetic** refusal to admit that you were wrong about what an analysis of readily achievable entails speaks volumes especially since you just read the Regulation (apparently for the first time). (emphasis supplied)

We did not finish the joint letter to the Court or the Case Management Plan on Friday after Ms. Tucek hung up the phone, wrote one email saying that "*you clearly don't know what you are taking about*" followed by another email that characterized my position as "*pathetic*". Later on Friday, Ms. Tucek did write and propose a "*re-set*". On Monday she sent me a revised joint letter and asked: "*Did we finish the CMP?*"

Yesterday afternoon I sent Ms. Tucek a proposed joint letter with further revisions and Case Management Plan without dates for interrogatories, document requests and joinder of additional parties. I did not want to get into another contretemps with Ms. Tucek. In my email I advised her that the "*dates for depositions and interrogatories can best be set by the court during the conference on September 26.*" Ms. Tucek responded by saying "*I will file the documents today*" and then set forth a number of conditions that needed to be fulfilled before she would send out the pre-litigation Report she possessed.

It appeared at 4:15 p.m. yesterday that Ms. Tucek acquiesced to allowing the Court set the dates for the discovery requests and interrogatories at tomorrow's conference. However, shortly before 8 p.m. Ms. Tucek wrote to me as follows:

> I did not agree to remove all the discovery dates which are required in the CMP. I am putting them back in. We previously agreed on them. You can take it up with the judge.

If Ms. Tucek had an issue with letting the Court set dates for discovery requests and interrogatories, she should have contacted me to discuss the issue instead of agreeing to "*file the documents today*" followed by unilaterally putting in dates and filing the Case Management Plan about four hours later.

---

[*] An apparent reference to the 110 ADA cases she has filed in the SDNY and the 94 ADA cases in the EDNY.

The Konopka Law Group PLLC

Letter to Honorable Judge Arun Subramanian
25 September, 2024
Page 3

In accord with Ms. Tucek's suggestion that I "*take it up with the judge*", I request that the Court issue an order which effectively stays formal discovery pending an attempted resolution through the Southern District's ADR program and directs her to provide me with the pre-litigation Report she possesses.

My apologies for any inconvenience this request causes the Court.

Thank you.

Respectfully yours,

*Michael Konopka*

Michael Konopka

MK/yc
cc.: Law Office of Jennifer Tucek, P.C. via ECF